Pearson. J.
 

 We do not understand upon what ground his Honor held, that the defendants had foiled to avail themselves of the said defence, if it existed, in apt time. They resisted the motion for judgment in the County Court, moved on their part to quash the
 
 ca. sa.
 
 and bond, and were successful in resisting the motion, made by the plaintiff. This was done on the very day after the bond was executed and was in apt time, for aught that is stated in the case, which isset out by us more at large than would have otherwise seemed necessary.
 

 In
 
 Williams
 
 v
 
 Bryant,
 
 11 Ire. 614, it is remarked :
 
 “
 
 It is true the debtor cannot, after failing to appear, adduce any matter of fact by way of defence” &c.
 
 “
 
 The case may be likened to a default in an action of debt,” &c.
 

 In
 
 Hardison v Benjamin,
 
 9 Ire. 331, it is remarked : “If the officer, upon arresting the debtor thirteen days before January Comí, had refused to take a bond for his appearance at April Term, and insisted upon holding the debtor in custody, unless he would execute a bond for his appearance at January Term, the bond would have been void as obtained by duress.”
 

 These remarks, were unnecessary to the decision of either of the cases, and were thrown out only as suggestions in the course of discussion. But the very point is now presented, and we arc of opinion, that the defendants were at liberty, when judgment was moved for, to adduce any matter, which amounted to a defence. We do not see why, npoiji this motion, the defendants stand in the condition of a defendant in an action, where judgment by default has been rendered. It is true, the debtor fails to appear and was called out, but that failure was not in reference to the condition of the
 
 ca. sa.
 
 bond, and had no reference to, or bear-. ;ng on the motion for judgment afterwards made; in refer
 
 *138
 
 ence to which the defendants stood in the condition of defendants in an action, who appear and claim the right to enter their pleas. Why should the defendants not have the same right to resist judgment, where it is moved for in a summary way, as they would have, if sued in debt on the bond, and the breach assigned was failing to appear according to the condition of the bond
 
 1
 
 The summary judgment is provided to
 
 prevent
 
 plaintiffs from being'delayed, not to exclude defendants from any good defence. Suppose the officer forges a bond, and, upon calling out the debtor, a judgment is moved for ; will the Court refuse to allow the fact of the forgery to be proven ? The same reasons apply •to the present case, where it is alleged it was obtained by ■ duress.
 

 Upon examination, it will be found, that provision is made for the case, Rev. St., ch. 58 sec.
 
 7.
 
 Either of the parties to the bond may have an issue and a jury empanelled immediately to try
 
 it
 
 — “non
 
 est factum”
 
 shall only be received on oath of its verity.
 

 Per. Curiam. Judgment reversed, and this opinion must •be-certified, so that the issue may be made up and tried.